UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHERON GABRIEL TERRELL, | § | |
| TDCJ # 01779108, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-0179 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# **ORDER**

Petitioner Sheron Gabriel Terrell has filed a petition for habeas corpus (Dkt. 5) seeking relief from a state court conviction. Respondent has filed an answer (Dkt. 16) and a copy of the state court records (Dkt. 17, 18). Because Respondent did not furnish Petitioner with a copy of all state court records, Petitioner has filed a motion for sanctions against Respondent (Dkt. 19) and two motions for extension of time (Dkt. 21, 24).

Respondent stated in her answer that she would not furnish Petitioner with copies of the trial, appeal, and state habeas proceedings, citing *Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010) (Dkt. 16, at 6). Petitioner argues in his motion for sanctions (Dkt. 19) that Respondent's failure to furnish the records violates Habeas Rule 5(c), which requires a respondent to "attach to the answer parts of the transcript that *the respondent* considers relevant." Rules Governing § 2254 Cases, Rule 5(c), 28 U.S.C. foll. § 2254 (emphasis added). Petitioner also cites to this Court's order to answer instructing the parties generally to "serve the other party . . . with a copy of every pleading, letter, or other document submitted for consideration by the Court" (Dkt. 6, at 3). In separately

filed objections (Dkt. 20), Petitioner argues that the records filed by Respondent should be forwarded to Petitioner because the Answer makes "specific factual assertions" citing to records from this Court's filing system (ECF) or from state court records (SHCR, CR, and RR). The Court notes that none of Petitioner's filings assert a specific need for any particular portion of the record.

In *Sixta*, the Fifth Circuit held that "[w]hen the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner." *Sixta*, 615 F.3d at 572. Because the respondent in *Sixta* had not attached exhibits to the answer, but instead had filed the entire state court record with the district court, the Fifth Circuit affirmed the lower court's holding that the respondent had satisfied his procedural obligations to petitioner. *Id*. at 572-73. The Fifth Circuit did not reach the issue of "the nature of the respondent's duty and discretion" under Habeas Rule 5(c) to attach the portions of the record that respondent deems relevant. *Id*. at 573.

Respondent's answer in this case did not attach exhibits. Rather, as in *Sixta*, Respondent separately filed the complete state court record. Because *Sixta* does not require the respondent to furnish the petitioner with copies of the complete record, Petitioner's motion for sanctions (Dkt. 19) is **DENIED**. However, in order to assist Petitioner in understanding the record citations in the answer, the Court will instruct the Clerk to supply him with an updated docket sheet. Moreover, Petitioner may, if appropriate, include requests for specific portions of the record in his reply to the answer.

If Petitioner makes such a request, he should explain in detail why copies of those specific portions are necessary to properly support his claims.

Petitioner also seeks an extension of time to file his reply to the answer until after the Court rules on his request for sanctions (Dkt. 21, 24). The Court **GRANTS** the motions and **ORDERS** Petitioner to file his reply by **June 22, 2018.**

The Clerk will provide copies of this order to the parties. The Clerk also will provide Petitioner with a copy of the current docket sheet in this case.

SIGNED at Galveston, Texas, this 22nd day of May, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge